IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARRELL CUNNINGHAM**                                               **PLAINTIFF**

**v.**                                            **CIVIL NO. 1:25-cv-00109-HSO-BWR**

**STATE OF MISSISSIPPI, et al.**                                  **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On April 7, 2025, pro se Plaintiff Darrell Cunningham filed this Complaint under 42 U.S.C. § 1983, naming the State of Mississippi and Judge Kathy K. Jackson as Defendants. Compl. [1] at 1. At the time, Plaintiff was housed at the Kemper/Neshoba County Regional Correctional Facility, *id.*, and he is proceeding *in forma pauperis*, Order [5]. Plaintiff complains that "[t]he statute under which [his] conviction and/or sentence [were] obtained is unconstitutional," so "[t]he trial court was without jurisdiction to impose the sentence received." Compl. [1] at 4. Plaintiff seeks $5,000.00 per day for each day of his incarceration, plus dismissal of the convictions imposed in state court. *Id.*

In the course of screening this case under 28 U.S.C. § 1915, on May 28, 2025, the Court ordered Plaintiff to file a written response to a series of questions that would aid the Court in assessing his claims. Order [6] at 1. Plaintiff's written response was due to be filed by June 11, 2025, and he was warned that "[f]ailure to

advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 1-2.  That Order [6] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable.  Plaintiff did not comply with the Court's Order [6] by the June 11 deadline.

On June 24, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Order [6].  Order [7] at 2.  Plaintiff's responsive deadline was extended to July 8, 2025, and he was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*.  The Order to Show Cause [7] and the Court's May 28 Order [6] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.  Plaintiff did not comply with the Court's Orders [7] [6] by the July 8 deadline.

On July 22, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [7] [6]."  Order [8] at 2.  Plaintiff was directed to file a written response to that effect on or before August 5, 2025.  *Id*.  Also by the August 5 deadline, Plaintiff was directed to comply with the Court's May 28 Order [6] "by filing a written response to fully answer the questions posed therein."  *Id*.  Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will***

2

***result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [7] [6]." *Id.* The Second and Final Order to Show Cause [8], a copy of the Order to Show Cause [7], and a copy of the Court's May 28 Order [6] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable. To date, Plaintiff has not responded to the Court's May 28, June 24, or July 22 Orders [6], [7], [8], nor has he otherwise contacted the Court about his case since May 5, 2025. *See* Ack. [4].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has yet to progress past its initial stages due to Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three

3

Court Orders [6], [7], [8], after being warned six times that failing to do so may lead to the dismissal of his case.  *See* Second and Final Order to Show Cause [8] at 2; Order to Show Cause [7] at 2; Order Requiring Plaintiff to Respond [6] at 2-3; Order Setting Payment Schedule [5] at 3; Order [3] at 2; Notice of Assignment [1-2] at 1.  Despite these warnings, Plaintiff has taken no action in this case for more than three months, representing a clear record of delay, contumacious conduct, and lack of interest.  It is apparent that Plaintiff no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE